1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DAWIT HABTEGIORGIS,

                        Plaintiff,

        v.

OIC OF WASHINGTON,

                        Defendant.

NO:  CV- 08-3077- RMP

ORDER MEMORIALIZING
COURT'S ORAL RULINGS

A telephonic motion hearing was held May 28, 2010.  Aaron Winkelhake represented Plaintiff Habtegioris;  Daniel Case represented Defendant OIC of Washington.  The Court addressed Plaintiff's Motion to Compel and For Sanctions (Ct. Rec. 98), Plaintiff's Motion to Continue Trial and Modify Case Schedule (Ct. Rec. 113), and Defendant's Motion for Reconsideration (Ct. Rec. 82).  The Motion to Continue was heard on an expedited basis (Ct. Rec. 110).

The Court has reviewed the pending motions and supporting documents (Ct. Rec. 100, 101, 102, 119, 120 121; Ct. Rec. 115, 116, 117; Ct. Rec. 112; Ct. Rec. 84 and 93, respectively), the remainder of the file, heard from counsel and is fully informed.  This Order is entered to memorialize and supplement the oral rulings of

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 1

the Court.  The Court will address the discovery dispute issues and motions in the order that they were argued.

## A. Plaintiff's Motion to Compel and for Sanctions, Ct. Rec. 98

Plaintiff moves the Court to order Defendant to comply with the Court's previous order, Ct. Rec. 81, and comply with Plaintiff's outstanding discovery requests.  Plaintiff seeks sanctions pursuant to Fed. R. Civ. P 37 for costs in bringing this motion.

Under Federal Rule of Civil Procedure 26(b)(1), information is discoverable if it is "relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible if it is "reasonably calculated to lead to the discovery of admissible evidence." *Id*.  "Pretrial discovery is normally to be accorded a broad and liberal treatment."  *Herbert v. Lando*, 441 U.S. 153, 183 (1979).  According to *Federal Practice*,

> [a] trial court has *considerable discretion* in determining relevance for
> the purposes of discovery.  If the court is uncertain as to the relevance
> of a discovery request, a response is generally ordered since it may be
> difficult to determine from the pleadings all of the issues which will
> be developed at trial, and if the discovered matter is offered at trial, an
> objection may be raised at that time.

§ 24.07 (3rd ed. 1995)(emphasis added).

Similarly, a motion to compel discovery also may be granted if the information sought is relevant or reasonably calculated to lead to the discovery of

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 2

relevant information. *Reygo Pacific Corp. v Johnson Pump Co.,* 680 F.2d 643 (9th Cir. 1982). The trial court's consideration of these motions is discretionary. *Id.* Failure to make disclosures or to cooperate in discovery is governed by Fed. R. Civ. Pr. 37. The rule states in part:

> (a) Motion for an Order Compelling Disclosure or Discovery.
> (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
> *Id.*

The Court finds that Plaintiff has submitted sufficient evidence to support that there have been good faith attempts to confer and attempt to resolve the discovery disputes (Ct. Rec. 101 at 15). Plaintiff's requests are discussed as follows:

### a. The Network

Plaintiff alleges that Defendant has not complied with the Court's Order (Ct. Rec. 81) in allowing Plaintiff access to Defendant's relevant network information and files stored on Defendant's network server. The Court finds that Plaintiff's request is "reasonably calculated to lead to the discovery of admissible evidence," but also is cognizant of Defendant's reluctance to give Plaintiff full access to Defendant's computer network. Fed. R. Civ. P. 26(b)(1). Therefore, the Court orders that by June 11, 2010, Defendant shall download onto

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 3

portable disk(s) to be given to Plaintiff's counsel, all of the Microsoft Outlook files now stored on Defendant's "H drive" or Defendant's server, including files related to emails, calendars, and Outlook notes, for the following users:

1. Mr. Walter Miller
2. Mr. Mulugeta Beyene
3. Ms. Charlene Parks
4. Ms. Deidre Dennis
5. Mr. Henry Beauchamp

**b.** By June 11, 2010, Plaintiff will be allowed to execute up to ten searches using Plaintiff's choice of search, terms, or phrases on Defendant's existing server and network, with Defendant's representative present, or else Defendant's employee will execute Plaintiff's ten requested searches on Defendant's existing server with Plaintiff and Plaintiff's counsel present.  The results of those searches will be provided immediately to Plaintiff's counsel, after Defendant confirms that no confidential information, such as clients' social security numbers, are included.

**c.** By June 11, 2010, Defendant will allow Plaintiff and Plaintiff's counsel to examine the topography of the current network and server with one of Defendant's employees present, and if there are any logs available that have tracked the network's "health," those logs will be provided to Plaintiff and Plaintiff's counsel for the period from 2000 through 2007.

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 4

**d.** By June 11, 2010, Defendant will provide to Plaintiff's counsel, a sworn affidavit by an OIC employee with knowledge, such as Larry Zable, regarding the dates on which the old server became inoperable and the new server was implemented.

## 2. Computers

**a.** By June 11, 2010, Defendant will provide to Plaintiff's counsel a sworn affidavit by an OIC employee with knowledge, such as Larry Zable, regarding whether back up disks had been made of Mr. Beauchamp's computer and on what date Mr. Beauchamp's computer was reformatted. If backup disks were made of Mr. Beauchamp's computer, those backup disks will be made available to Plaintiff's counsel.

**b.** By June 11, 2010, Defendant will provide to Plaintiff's counsel a sworn affidavit by an OIC employee with knowledge, such as Larry Zable, regarding whether all of Mr. Beauchamp's files were transferred to Ms. Dennis' desktop hard drive, and if so, on what date that transfer occurred. Plaintiff's counsel will be given access to Ms. Dennis' desktop hard drive, if that access already has not been provided.

**c.** By June 11, 2010, Defendant will provide to Plaintiff's counsel a sworn affidavit by Ms. Dennis regarding whether she searched Beauchamp's computer, prior to its being reformatted, or searched Mr. Beauchamp's files

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 5

transferred onto her computer for any references to Mr. Habtegiorgis and, if so, on what dates she searched for those files and whether any files were found.

### 3. Mr. Beauchamp Deposition

**a.** By June 11, 2010, Defendant will provide the Court, for *in camera* review, a copy of the letter from Mr. Beauchamp's doctor regarding whether Mr. Beauchamp is capable of being deposed. Defendant will mail a copy of the letter to the Court's address:

The Honorable Rosanna Malouf Peterson
PO Box 324
Spokane, WA  99210-0324

### 4. Six Outstanding Interrogatories, Hardware Lists and Software Lists

**a.** Outstanding Interrogatories:

By June 11, 2010, Defendant will serve Plaintiff with answers to the first six interrogatories of Plaintiff's second set of interrogatories, which Defendants previously had been ordered to provide and which Defendants previously agreed to provide (Ct. Rec. 81 at 7). Defendant's answers shall comply in all respects with Fed. R. Civ. P. 33, including being "in writing under oath" and signed. *See* Fed. R. Civ. P. 33.

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 6

**b.** Hardware Lists:

By June 11, 2010, Defendants will provide Plaintiff with a copy of the SQL database of the OIC hardware inventory, referenced by Larry Zable in Ct Rec. 121-1.

**c.** Software Lists

During oral argument, Defendant informed the Court that it was withdrawing any affirmative defense based on after acquired evidence alleging that Plaintiff used unlicensed software. Therefore, Plaintiff's request for information about Defendant's software licenses is denied as moot.

**5. Backup Disks**

By June 11, 2010, Defendant will provide to Plaintiff's counsel a sworn affidavit by an OIC employee with knowledge, such as Larry Zable, regarding whether any back up disks were made from the computer hard drives of the following former employees: Mr. Steve Mitchell, Mr. Duane Harris, Mr. Don Mayo, Ms. Dwana Watley, and Ms. Jennifer Gray. If any backup disks were made of those users' hard drives, the backup disks also are to be provided to Plaintiff's counsel.

**6. Inventory Audits**

By June 11, 2010, Defendant will provide to Plaintiff's counsel "documentation that Defendant was required to perform inventory audits during April of 2005" as previously ordered by the Court (Ct. Rec. 81 at 7). In the

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 7

alternative, the Court requires a sworn statement by an OIC employee with knowledge that no such evidence exists.  Failure to provide this documentation or sworn statement by June 11, 2010, will result in a $50 per day sanction against Defendant.

### 7. Sanctions

Plaintiff's Motion to Compel and for Sanctions, Ct. Rec. 98, is granted. Plaintiff shall submit a cost bill for bringing this motion.  Discovery is re-opened for the limited purpose of the outstanding discovery related to Plaintiff's Motion to Compel.

### 8. Motion to Continue Trial Date and Modify Case Schedule

Plaintiff's Motion for Continuance of the Trial Date, Ct. Rec. 113, is GRANTED.  An Amended Scheduling Order is forthcoming.

### 9. Motion for Reconsideration

Defendant's Motion for Reconsideration, Ct. Rec. 82, is GRANTED IN PART.  All conditions of the previous Order, Ct. Rec. 81, remain intact with only the following modification:  Plaintiff will file a notice with the Court if the total cost of data recovery reaches $50,000.  If data recovery costs exceed $50,000, the Court may reconsider the cost shifting apportionment for any costs incurred thereafter.  Accordingly,

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 8

**IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion to Compel and For Sanctions (**Ct. Rec. 98**), is

    **GRANTED IN PART,** as defined in this Order.  Plaintiff shall submit a bill

    of costs to the Court.

2.  Plaintiff's Motion to Continue Trial and Modify Case Schedule (**Ct. Rec.

    113**), is **GRANTED**.  Plaintiff's Motion to Expedite the above Motion (**Ct.

    Rec. 110**), is **GRANTED**.  An Amended Scheduling Order is forthcoming.

3.  Defendants Motion for Reconsideration (**Ct. Rec. 82**), is **GRANTED IN

    PART,** as defined in this Order.

4.  All deadlines for Defendant are June 11, 2010 unless otherwise noted.

5.  Defendant's Motion for Summary Judgment (**Ct. Rec. 85**) is **DENIED

    WITH RIGHT TO RENEW OR REFILE** as discovery has been

    reopened.

    **DATED** this 1st day of June, 2010.

                                          _s/ Rosanna Malouf Peterson_
                                          ROSANNA MALOUF PETERSON
                                          United States District Court Judge

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 9